**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BENJAMIN JOSEPH LIGERI,

      Plaintiff,

v.                                                Case No:   6:25-cv-2119-AGM-LHP

AMAZON.COM, INC.,

      Defendant

---

**ORDER**

Before the Court is a Motion for Leave to File Amended Complaint and to File Future Documents Via CM/ECF, filed by Plaintiff, who appears *pro se*.  Doc. No. 22.  By the motion, Plaintiff seeks leave of Court to file several documents: an amended complaint and related exhibits, a corrected motion for temporary restraining order/preliminary injunction, and a supporting declaration.  *See* Doc. Nos. 22-1 through 22-25.  Plaintiff also requests access to e-filing via CM/ECF.  Doc. No. 22.

On review, the motion will be **DENIED without prejudice**.  First, the motion does not comply with the conferral requirements of Local Rule 3.01(g).  Second, the motion does not comply with Local Rule 3.01(b) because it does not

include a memorandum of legal authority in support. *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."), *cert. denied*, 493 U.S. 863 (1989).

The Court also notes that the deadline for Plaintiff to file an amended complaint expired on November 30, 2025, and the instant motion was not filed until December 15, 2025. *See* Doc. Nos. 15, 22. Thus, Plaintiff must demonstrate excusable neglect for failure to comply with the November 30, 2025 deadline, which is not addressed in the present motion. *See* Doc. No. 15; Fed. R. Civ. P. 6(b)(1)(B). And given that there is no current operative complaint, there does not appear to be a basis for the renewed motion for temporary restraining order/preliminary injunction at this time. S*ee also* Doc. No. 20.[1] Insofar as Plaintiff requests access to filing via CM/ECF, "[w]hile an unrepresented individual may obtain the Court's permission to file his submissions electronically using the CM/ECF system, such authorization is typically denied unless the *pro se* party makes a showing of good cause or extenuating circumstances justifying such relief." *Hooker v. Wilkie*, No. 8:20-cv-1248-T-02CPT, 2020 WL 6947482, at *1 (M.D. Fla. June 4, 2020) (citations

---

[1] Even if there were an operative complaint, it is unclear why leave of Court would be required.

omitted).   Here, Plaintiff makes no such showing, merely noting delays with filings and his experience with PACER.   Doc. No. 22.

For these reasons, the motion (Doc. No. 22) is **DENIED without prejudice**. In any renewed motion, Plaintiff must support, by argument and citation to legal authority, each of the forms of relief he seeks.

**DONE** and **ORDERED** in Orlando, Florida on December 19, 2025.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 3 -