# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BENJAMIN JOSEPH LIGERI,

      Plaintiff,

v.                                             Case No:   6:25-cv-2119-AGM-LHP

AMAZON.COM, INC.,

      Defendant

---

## ORDER

Before the Court is Plaintiff's Renewed Motion for Leave to File and Deem First Amended Complaint Operative, to Consider Plaintiff's Emergency TRO and Preliminary Injunction, and for Authorization to File Via CM ECF (With Memorandum of Law).   Doc. No. 27.   Defendant opposes in part, with respect to the filing of an amended complaint.   Doc. No. 29.

As relevant, Plaintiff seeks to file an amended complaint in accordance with the Court's prior order giving him through November 30, 2025 to do so.   *See* Doc. No. 15.   Plaintiff missed that deadline, but says it was due to "a convergence of extraordinary and time-sensitive circumstances," to include holidays, "practical limitations of paper filing as a *pro se* litigant, illness, and Plaintiff's temporary travel

without access to a computer, and the need to carefully review and comply with this District's fastidious Local Rules and formatting requirements." Doc. No. 27, at 3. Defendant, on the other hand, contends that Plaintiff's proposed amendment is in bad faith and futile as demonstrated by a pending motion to transfer (Doc. No. 8), and it is unsupported by good cause for the delay. Doc. No. 29.

Given that the Court previously found leave to amend appropriate, *see* Doc. No. 15, and in light of Plaintiff's *pro se* status and the representations made in the motion, and although the issue of excusable neglect is a close one (*see* Fed. R. Civ. P. 6(b)(1)(B)), the Court finds an extension of the November 30, 2025 deadline for filing the amended complaint appropriate. Accordingly, to the extent that Plaintiff's motion (Doc. No. 27) requests leave to file an amended complaint, the motion will be **GRANTED**. Plaintiff shall file an amended complaint within **fourteen (14) days** of the date of this Order.[1]

The remainder of Plaintiff's requests, however, are **DENIED** for the same reasons previously set forth by the Court. *See* Doc. No. 26. Specifically, once Plaintiff files his amended complaint, it does not appear that he would require leave of Court to file a renewed motion for temporary restraining order/preliminary injunction. And although Plaintiff renews his request for access to CM/ECF, the

---

[1] The Court will not entertain Plaintiff's request to consider a previous proposed amended complaint attached to a prior motion, *see* Local Rule 3.01(h), and instead, Plaintiff must make a separate filing.

renewed motion again does not establish good cause or extenuating circumstances in support. *See, e.g.*, *Clifft v. Sch. Dist. of Lee Cnty.*, No. 2:25-cv-345-JES-DNF, 2025 WL 3012038, at *2 (M.D. Fla. Oct. 28, 2025), *reconsideration denied*, No. 2:25-cv-345-JES-DNF, 2025 WL 3080533 (M.D. Fla. Nov. 4, 2025) (affirming denial of CM/ECF access to *pro se* litigants, finding that unpredictable delays and mail delivery risks, complexity of the case, and inability to obtain legal counsel did not rise to the level necessary to justify CM/ECF access).[2]

**DONE** and **ORDERED** in Orlando, Florida on January 14, 2026.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] To the extent that Defendant seeks affirmative relief in response to the motion, such that if leave to amend is permitted the Court concurrently grant its motion to transfer, *see* Doc. No. 29, at 12 n.5, the request is denied for two reasons. First, "[i]t is not appropriate to seek an order for affirmative relief in a response to a motion." *See Armington v. Dolgencorp. Inc.*, No. 3:07-cv-1130-J-JRK, 2009 WL 210723, at *2 (M.D. Fla. Jan. 20, 2009). Second, the motion to transfer (Doc. No. 8) remains pending before the presiding District Judge, and the undersigned declines to speak to its merits.